**No. 39981.**—Protests 310859–G, etc., of R. E. Macksoud et al. (New York).

TILSON, Judge: The question involved in the suits listed in schedule A, hereto attached and made a part hereof, is the proper classification of certain imported merchandise upon which duty was levied at 75 percent ad valorem under the latter part of paragraph 1430 of the Tariff Act of 1922. Plaintiffs claim the same to be properly dutiable at 40 or 55 percent ad valorem under paragraph 1014 of the Tariff Act of 1922, as towels or napkins composed wholly or in chief value of flax, or at 40 percent ad valorem under paragraph 1021 of said act, as manufactures of vegetable fiber other than cotton, not specially provided for.

Counsel for the plaintiffs limited his claim to the merchandise represented by items 500, 500B, 500BC, 600, and 600C, wherever these items appear on the invoices before the court, and counsel for the respective parties agreed that all these articles were composed in chief value of linen, and that the napkins, if not dutiable as assessed by the collector at 75 percent under paragraph 1430, are properly dutiable at 40 or 55 percent under paragraph 1014, and that the other articles, consisting of covers, towels, scarfs, and table cloths, if not dutiable as assessed by the collector at 75 percent under paragraph 1430, are properly dutiable at 40 percent under said paragraph 1021.

At the trial illustrative samples of the merchandise were admitted in evidence and marked Illustrative Exhibits 1, 2, and 3. Several other exhibits were also marked in evidence, all of which, including Illustrative Exhibits 1, 2, and 3, have had our careful examination, inspection, and consideration.

Counsel for the plaintiffs introduced the testimony of nine witnesses, and counsel for the defendant introduced the testimony of three witnesses. All of these witnesses were well qualified and their testimony shows that they were experts on the question of hemstitching. We do not feel that a detailed analysis and discussion of the testimony of each of these witnesses would serve any useful purpose here. We have, however, given careful study and consideration to all the evidence, including the testimony and exhibits, and we are particularly impressed by the knowledge and qualifications of the witnesses giving such testimony.

The record in this case is not such as would authorize us in attempting a definite and far-reaching definition of what constitutes straight hemstitching. Therefore, in determining whether or not the hemstitching on the articles in this case is or is not straight hemstitching, we shall rely upon the testimony of the expert witnesses who testified, together with the other evidence before us.

We have carefully considered the entire record before us, together with the briefs submitted by the respective counsel, and find from the weight of such evidence that the hemstitching on the merchandise in this case is straight hemstitching.

We therefore hold such of the merchandise represented by items 500, 500B, 500BC, 600, and 600C, wherever these items appear on the invoices, as is towels or napkins, to be properly dutiable at the appropriate rate according to the number of threads to the square inch, under paragraph 1014 of the Tariff Act of 1922, as claimed by the plaintiffs. Such of the merchandise represented by said items as is not towels or napkins, we hold to be properly dutiable at 40 percent ad valorem under paragraph 1021 of said act, as claimed by the plaintiffs.

To the extent indicated the specified claims in said suits are sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.